IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD P. BAAS,

    Plaintiff,

v.                                                       17-cv-00132 MCA/GJF

SECRETARY OF VETERAN AFFAIRS;
VENDOR CONNECT, LLC;
GARLAND REAL ESTATE, LLC;
JAYLEN GARLAND,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on a *Motion to Dismiss for Lack of Subject Matter Jurisdiction* (*Motion to Dismiss*) by Defendant Secretary of Veterans Affairs (the Secretary) [Doc. 3]. Plaintiff Edward P. Baas (Plaintiff) did not respond to the Secretary's *Motion to Dismiss* within the deadline set by D.N.M. LR Civ. 7.4(a). The Court has considered the parties' submissions and the relevant law, and is otherwise fully informed. For the following reasons, the Court **GRANTS** the Secretary's *Motion to Dismiss*.

**Background**

The following facts are derived from Plaintiff's *Complaint for Breach of Contract* (*Complaint*) and an Affidavit by Brad Blancett, Vice President of Client Operations for VRM Mortgage Services. [Doc. 1-2; Doc. 3-1] *See Hoag v. United States*, 99 Fed. Cl. 246, 250 (2011) ("When deciding a case based on a lack of subject matter jurisdiction,

this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor."). Plaintiff offered to buy a property at 9 Foothills Lane in Tularosa, New Mexico, from the Secretary. [*Id.* ¶ 12] Plaintiff paid $500 in earnest money and secured a $58,500 conventional loan to finance the purchase, pending an appraisal of the property. [*Id.*; Doc. 3-2, pg. 2] A contract to purchase the property was executed in November, 2016. [*Id.* ¶ 13] The contract provided that

> Seller at its sole discretion may rescind the Contract of Sale of the Property and return the Purchaser's Earnest Money under any of the following conditions: *Property is damaged prior to the Closing Date, Seller is unable to deliver the Property as advertised*, Seller is unable or unwilling to remove valid objections to title prior to the Closing Date, any errors are made in the calculations concerning the offer to sell the Property, Seller is unable to acquire title to the Property, or the Property is subject to any redemption rights.

[Doc. 3-2, pg. 3 (Emphasis added)]

Before the appraisal could be completed, VRM Mortgage Services, acting on behalf of the Secretary, [Doc. 3-1, Brad Blancett Affidavit, ¶¶ 2, 5] approved the destruction of the walls within the house. [*Id.* ¶ 14] The damage to the walls rendered the appraisal impossible. [*Id.*] Plaintiff asked Defendant[s][1] to return the walls to their former condition and Defendant agreed to do so. [*Id.* ¶ 15] Bids for the repair work were obtained. [*Id.* ¶ 16] Roughly two weeks later, Defendant[s] informed Plaintiff that "nothing was going to be done to fix the damage done to the home." [*Id.* ¶ 17] Plaintiff offered to fix the walls himself, but was told he was not allowed in the house. [*Id.* ¶ 18]

---

[1] It is not clear from Plaintiff's *Complaint* which of the named defendants took these alleged actions.

VRM Mortgage Services, acting on behalf of the Secretary, canceled the contract and signed the paperwork for return of Plaintiff's earnest money. [Doc. 3-1, Brad Blancett Affidavit, ¶ 10]

Plaintiff filed the *Complaint* in the Twelfth Judicial District Court and the Secretary removed the matter to this Court. [Doc. 1] In the *Complaint*, Plaintiff alleges that "Defendants breached the contract by materially altering the subject property in such a way as to completely frustrate the fulfillment of the contract as originally agreed to by both parties" and that "Defendant[s] breached by failing to deliver or maintain the subject property in a condition that would allow the Plaintiff to complete performance of the contract for sale." [Doc. 1-2, ¶ 20] Plaintiff further alleges that "the Defendants knowingly engaged in conduct that undermined the existing contract for sale of the above referenced house by approving and hiring an unknown contractor to remove drywall and insulation from most rooms in the house." [*Id.* ¶ 21] He seeks "specific performance, specifically to order the Defendant to repair the damage intentionally done to the property and sell the house to the Plaintiff under the terms of the original agreement." [*Id.* pg. 4] The Secretary now moves for dismissal. [Doc. 3] *See* Fed. R. Civ. P. 12(b)(1).

**Discussion**

Under D.N.M. LR Civ. 7.1(b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Plaintiff neglected to file a response to the Secretary's *Motion to Dismiss*. Thus, the Court considers Plaintiff's failure to respond as consent to grant the *Motion to Dismiss*. In addition, the Court has carefully considered the merits of the

motion and is satisfied that it is meritorious.  *Cf. Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (holding that, where a party fails to respond to a motion for summary judgment, the party waives the right to respond to or controvert the facts asserted by the moving party but the Court should only grant summary judgment if the uncontroverted facts entitle the moving party to summary judgment).

The Secretary argues that 1) this Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to "the Tucker Act" and "the Little Tucker Act," and 2) the claims should not be transferred to the Court of Federal Claims.  [Doc. 3]

The Tucker and Little Tucker Acts

28 U.S.C. § 1491 and 28 U.S.C. § 1346(a)(2) are known as "the Tucker Act" and "Little Tucker Act," respectively.  *See Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006).  The Tucker Act provides that

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or *upon any express or implied contract with the United States*, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491 (Emphasis added).  "The Tucker Act . . . is a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages.  The Act merely confers jurisdiction upon the United States Court of Federal Claims whenever the substantive right exists."  *Johnson v. United States*, 107 Fed. Cl. 379, 382 (2012) (alterations, internal quotation marks, and citation omitted).  The Little Tucker Act "grants federal district courts concurrent jurisdiction over contract claims against the government where plaintiffs seek no more than $10,000 in damages."

*Robbins*, 438 F.3d at 1081. "The Supreme Court has long held that neither the Tucker Act nor the Little Tucker Act authorize relief other than money damages for such contract claims." *Id*.

Because neither the Tucker Act nor the Little Tucker Act creates a substantive right, that right must exist elsewhere. "[A] plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages." *Johnson*, 107 Fed. Cl. at 382. In a contract case, this "money-mandating requirement" is typically "satisfied by the presumption that money damages are available for breach of contract, with no further inquiry being necessary." *Holmes v. United States*, 657 F.3d 1303, 1314 (Fed. Cir. 2011). If the contract expressly precludes money damages, or if it provides for non-monetary damages, "Tucker Act jurisdiction may also be lacking." *Higbie v. United States*, 778 F.3d 990, 993 (Fed. Cir.), *cert. denied,* 136 S. Ct. 37, 193 L. Ed. 2d 25 (2015). In the latter case, "it is proper for the court to require a demonstration that the agreements could fairly be interpreted as contemplating monetary damages in the event of breach." *Id.* (internal quotation marks and citation omitted).

Analysis

The Secretary first argues that this Court does not have jurisdiction over this matter because Plaintiff seeks more than $10,000 in damages and the Tucker Act vests exclusive jurisdiction over such claims in the United States Court of Federal Claims. [Doc. 3, pg. 5-6] Although Plaintiff does not specifically seek money damages, he requests that the Court order the Secretary to sell the property to him. [Doc. 1-2, pg. 4]

The price of the property is $61,000. [Doc. 3-2, pg. 2] Thus, Plaintiff's claim is greater than $10,000 and this Court lacks jurisdiction over it. *See Hoag*, 99 Fed. Cl. at 248 (holding that the Court of Federal Claims had jurisdiction where the plaintiff sought an "unspecified amount of damages" and the contract was for sale of property priced at $45,000).

The Secretary next argues that the matter should not be transferred to the Court of Federal Claims because that court lacks jurisdiction over Plaintiff's claims. [Doc. 3, pg. 6-10] "Under 28 U.S.C. § 1631, when a civil action is filed in a federal district court that lacks jurisdiction over the action, 'the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed.'" *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1303 (Fed. Cir. 2008). "A case may be transferred under section 1631 only to a court that has subject matter jurisdiction." *Id*.

To determine whether the transferee court would have jurisdiction, the Court examines 1) whether "the claim is founded upon a money-mandating source" and 2) whether "the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source." *Id*. at 1309. The Secretary argues that this test fails under the first prong because the purchase contract does not expressly mandate money damages for breach. [Doc. 3, pg. 8] But, as stated above, there is a presumption that the remedy for breach of contract is money damages. *Holmes*, 657 F.3d at 1314. The Secretary next maintains that the contract is not money-mandating because it provides that "Seller . . . may rescind the Contract of Sale of the

Property and return the Purchaser's Earnest Money" under the circumstances found in this case. [Doc. 3, pg. 9] But this provision has nothing to do with the remedies for breach of contract. It simply guides permissible conduct under the contract and, hence, what conduct constitutes a breach. In other words, the Secretary's argument goes to whether there was a breach at all, not whether money damages are available for such breach.

Even if both prongs of this test are satisfied, however, the Court of Federal Claims lacks jurisdiction because it does not have the authority to grant Plaintiff the requested relief. Plaintiff requests only that the Secretary be ordered to sell the property to him. [Doc. 1-2, pg. 4] Although he also requests attorney fees and costs, he asserts no claim for substantive money damages. *See Villegas v. Clinton*, No. CIV.A. H-10-0029, 2010 WL 5387553, at *6 (S.D. Tex. Dec. 20, 2010) (distinguishing between attorney fees and substantive money damages). In *Hoag v. United States*, a case similar to that *sub judice*, the plaintiff brought a claim for specific performance and money damages for breach of contract against the United States after the United States accepted her offer to purchase a property but then failed to close on the sale. 99 Fed. Cl. at 249. The Court of Federal Claims held that neither the Tucker Act nor the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, gave it authority to grant equitable relief or specific performance, and, therefore, dismissed those claims. *Id.* at 252 ("[T]he claims in plaintiff's complaint which request equitable relief and specific performance cannot be entertained in this court, and must be dismissed."); *see Robbins*, 438 F.3d at 1082 ("[T]he Tucker and Little Tucker Acts impliedly forbid federal courts from ordering declaratory or injunctive relief,

at least in the form of specific performance, for contract claims against the government." (internal quotation marks, citation, and footnote omitted)). It did not dismiss the plaintiff's claim for money damages based on breach of contract. *Id*. at 254.

The Court concludes that Plaintiff's *Complaint* may not be transferred to the Court of Federal Claims because, like in *Hoag*, that court lacks jurisdiction to grant the relief requested.

**Conclusion**

For the foregoing reasons, the Court **GRANTS** the Secretary's *Motion to Dismiss*. [Doc. 3]

IT IS FURTHER ORDERED that this matter dismissed without prejudice with respect to Defendant Secretary of Veterans Affairs and the matter is remand to the Otero County District Court as to the remaining Defendants.

**SO ORDERED this 17th day of July, 2017.**

M. CHRISTINA ARMIJO
Chief United States District Judge